**Supreme Court of Pennsylvania**
**Court of Common Pleas**
**Civil Cover Sheet**
Lackawanna _____ County

For Prothonotary Use Only:
Docket No: 20 CV 840

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

| Commencement of Action: | | |
|---|---|---|
| ☒ Complaint | ☐ Writ of Summons | ☐ Petition |
| ☐ Transfer from Another Jurisdiction | | ☐ Declaration of Taking |

Lead Plaintiff's Name: Christina Swartz
Lead Defendant's Name: Citizens Bank, National Association

Are money damages requested? ☒ Yes ☐ No

Dollar Amount Requested: (check one)
☐ within arbitration limits
☒ outside arbitration limits

Is this a *Class Action Suit*? ☐ Yes ☒ No
Is this an *MDJ Appeal*? ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Brett M. Freeman

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

## SECTION B

**TORT** (do not include Mass Tort)
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability (does not include mass tort)
☐ Slander/Libel/Defamation
☐ Other: _____

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other: _____

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional: _____

**CONTRACT** (do not include Judgments)
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other _____

☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other _____

☐ Other: _____

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other ✓

☐ Zoning Board
☐ Other: _____

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☒ Other: Telephone Consumer Protection Act

*Updated 1/1/2011*

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.   Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

    (i)   actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

    (ii)   actions for support, Rules 1910.1 et seq.

    (iii)   actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

    (iv)   actions for divorce or annulment of marriage, Rules 1920.1 et seq.

    (v)   actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

    (vi)   voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)   At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)   The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)   The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)   A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)   The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

| | |
|---|---|
| Christina Swartz<br>1139 Amherst Street<br>Scranton, PA 18504,<br><br>Plaintiff<br><br>v.<br><br>Citizens Bank, National Association<br>One Citizens Plaza<br>Providence, RI 02903,<br><br>Defendant | IN THE LACKAWANNA COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No. 20 CV 840<br><br>Jury Trial Demanded |

*(Filed stamp: MAURI B. KELLY, LACKAWANNA COUNTY, 2020 FEB -5 P 2:3, CLERKS OF JUDICIAL RECORDS CIVIL DIVISION)*

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Northeastern Pennsylvania Legal Services<br>
33 North Main Street, Suite 200<br>
Pittston, PA 18640<br>
Telephone (570) 299-4100

MAURI B. KELLY
LACKAWANNA COUNTY
2020 FEB -5 P 2:31
CLERKS OF JUDICIAL
RECORDS CIVIL DIVISION

Christina Swartz,
    Plaintiff

v.

Citizens Bank, National Association,
    Defendant

IN THE LACKAWANNA COUNTY
COURT OF COMMON PLEAS

Civil Action

No. 20 CV 840

Jury Trial Demanded

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter 'the Act'). Defendant made multiple calls to Plaintiff on a number assigned to a cellular telephone service using equipment regulated by the Act.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), which permits an action for a violation of the Act to be brought in an appropriate state court.

3. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

### III. PARTIES

4. Plaintiff is a natural person residing at 1139 Amherst Street, Scranton, PA 18504.

5. Defendant, Citizens Bank, National Association, is a corporation with a place of business located at One Citizens Plaza, Providence, RI 02903. At all relevant times, Defendant placed calls to individuals in this state.

IV. STATEMENT OF CLAIM

6. Plaintiff is, and at all relevant times was, a 'person' as defined by 47 U.S.C. § 153(39).

7. Defendant is, and at all relevant times was, a 'person' as defined by 47 U.S.C. § 153(39).

8. Plaintiff has a cellular telephone number that she has had at all relevant times. Plaintiff has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

9. At all relevant times this phone number has been assigned to a cellular telephone service.

*Count 1- Violation of the Act*

10. The foregoing paragraphs are incorporated herein by reference.

11. Congress enacted the Act to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."

12. Defendant caused to be made an unknown number of calls to Plaintiff's cell phone number.

13. Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

14. Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and Plaintiff's cellular telephone line.

2

15. Defendant's phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

16. The calls made to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

17. These telephone calls were not made for emergency purposes, as defined in 47 C.F.R. § 64.1200.

18. These telephone calls were not made with the Plaintiff's prior express consent.

19. These telephone calls were placed while Plaintiff was in the United States.

20. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call Defendant caused to be made to Plaintiff's cellular telephone number.

21. Plaintiff is also entitled to increased damages, as these calls were made willfully and/or knowingly. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

22. For each violation that was made willfully and/or knowingly, the Court may, in its discretion, increase the amount of the award to an amount equal to, but not more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages between $500.00 and $1,500.00 per call, costs, equitable relief, and such other and further relief as the Court deems just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

_____
Brett M. Freeman
Bar Number: PA 308834
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000

## CERTIFICATION OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

_____
Brett M. Freeman
Bar Number: PA 308834
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000

## Verification of Complaint and Certification
## by Plaintiff Christina Swartz

Plaintiff, Christina Swartz, being duly sworn according to law, deposes as follows:

1. I am the plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 4, 2020.      *Christina Swartz*
                                    Christina Swartz, Plaintiff